S. A. SCHROCK, Respondent, v. S. F. CONLEY, Administrator, Appellant.

**Kansas City Court of Appeals, January 9, 1912.**

LEASE: Mine: Repairs. Where two partners are lessees of a mine wherein the lease requires them to keep it in repair, and they sell the lease with the consent of the owner, and afterwards the owner engages them to clean and repair a portion of the mine they had not used; it was *held* that they might recover for their labor and material.

Appeal from Boone Circuit Court.—*Hon. F. H. Harris,* Judge.

AFFIRMED.

*Sebastian & Sebastian* for appellant.

*Harris & Finley* for respondent.

ELLISON, J.—This action is for labor and material in cleaning out and repairing a coal mine. The petition is in two counts. The case was tried without the aid of a jury. Defendant, deeming the evidence in behalf of plaintiff insufficient to make out a case, demurred thereto. The court overruled the demurrer and defendant stood upon his view that the evidence for plaintiff did not entitle him to recover. The judgment was for plaintiff on the first count.

The evidence tended to prove that defendant's intestate, Mrs. Mikel, owned the mine and that she leased it to one Frank S. Hanna, who operated it for a period, when he sold a half interest in it to plaintiff, who operated it for a time, when they sold Lozenby, Smith & Savage. After the mine was in the possession of plaintiff and Hanna had sold with the consent of Mrs. Mikel she, through her agent, who was her son, engaged them to repair and clean a part of the mine which they had not used or operated. That afterwards the partnership of Schrock & Hanna was dissolved and the firm account assigned to plaintiff individually.

We think the evidence and circumstances in the case were sufficient to support the finding that Mrs. Mikel's son was her agent. Nor do we think there is ground to support the idea that the court was bound to conclude that the mine was the son's and not his mother's and that therefore if anyone was liable it was the son.

But it is insisted that the lease itself required plaintiff and Hanna to do the work for which the action is brought. But there is evidence tending to show that the employment of plaintiff and Hanna was after they had assigned the lease with Mrs. Mikel's consent.

It seems to us that the record shows directly and by proper inference that the real difference between the parties relates to the capacity in which the son of Mrs. Mikel acted—whether for himself or as agent for his mother, and, as already stated, we think the evidence is sufficient to sustain the theory that he was her agent. On the whole record we do not discover anything to authorize our interference, and the judgment is affirmed. All concur.